UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ZEUANTRAY V. BARRY,           )
                                    )
        Petitioner,           )
                                    )
        vs.                     )        Case No. 4:11CV1342 CDP
                                    )
UNITED STATES OF AMERICA,    )
                                    )
        Respondent.       )

## **MEMORANDUM AND ORDER**

Movant Zeuantray Barry brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  Barry was sentenced to 168 months imprisonment following his guilty plea to one count each of conspiracy to distribute and possession with the intent to distribute heroin; conspiracy to distribute and possession with the intent to distribute MDMA/ecstasy; conspiracy to distribute and possession with the intent to distribute marijuana; conspiracy to commit money laundering; and money laundering.  Criminal Case No. 4:08CR405 CDP.  The Eighth Circuit Court of Appeals affirmed his sentence.  *United States v. Barry*, 371 F. App'x 697 (8th Cir. 2010).

As grounds for his § 2255 motion, Barry raises four claims of ineffective assistance of counsel and two claims of district court error.[1] Because the record affirmatively refutes Barry's claims, I will deny the motion without a hearing.

## I.   **Background**

The facts relevant to this motion are contained in the plea agreement entered by the parties, as follows:

> Between January of 2005, and July 2, 2008, defendant Zeuantray Barry and codefendant Artwon Robinson and their codefendants were involved in the distribution of heroin, MDMA (Ecstasy), cocaine and cocaine base, and marijuana. Codefendants Troy McDonald and Jamal Swain were the sources of the heroin; codefendant Keith Wesley was the source of the MDMA (Ecstasy); and codefendant Kovar Moore was the source of the marijuana supplied to the operation. Various sources provided cocaine and cocaine base to codefendant Robinson. The remaining codefendants were couriers, distributors, and facilitators in the distribution operation for one or more of the four controlled substances.
>
> In 2006, a DEA case was initiated on the activities of this group. A confidential source began providing information that codefendant Robinson was selling heroin in St. Louis, Missouri. On April 2, 2007, DEA agents obtained a court-authorized wiretap for codefendant Robinson's telephones. Various telephones utilized by Robinson and defendant Barry were intercepted between April 2, 2007, and September 24, 2007.
>
> On April 5, 2007, the Missouri Highway Patrol stopped a truck attached to a car hauler carrying three vehicles near Rolla, Missouri.

---

[1]Barry only raised four claims of ineffective assistance of counsel in his original motion. However, he filed a motion to amend his original § 2255 motion to add one additional claim of district court error, and he filed an "emergency motion" to amend it a second time with another claim of district court error.

The driver of the truck granted permission to search the vehicles. Within a hidden compartment in a Volkswagen Passat were four pounds of marijuana and 6,027 MDMA/Ecstasy pills. A trained narcotics-detection dog alerted on a Volkswagen Beetle, but a search of it failed to disclose any contraband.

The vehicles were destined for "Chris Jones" in St. Louis. A DEA agent called Jones at the phone number provided to the truck driver and told him the cars were in a tow yard ready to be picked up. Jones, later determined to be codefendant James Echols, arrived at the tow yard and was detained. A search of Echols' vehicle revealed Western Union documents and airline receipts showing his travel to and from Oakland, California, at the direction of defendant Barry.

Intercepted telephone calls from April 10, 2007, revealed codefendant Robinson directing his girlfriend to the tow yard to see if she could find a yellow Volkswagen Beetle. Defendant Barry could be heard in the background, telling Robinson what to tell his girlfriend. Because of the interest in the Beetle, agents searched it again. Eleven pounds of heroin were found in a concealed compartment within the car. Subsequent investigation showed that codefendant Troy McDonald and defendant Barry had arranged for the transportation of the heroin to St. Louis for Barry.

Trained forensic chemists employed by DEA tested the substances seized from the vehicles and found them to be 1,754 grams of marijuana; 1,550.2 grams of 3,4-methylenedioxymeth-amphetamine (MDMA/Ecstasy); and 5,007 grams of heroin.

On July 10, 2007, based on intercepted telephone calls, agents set up surveillance of defendant Barry. Agents observed Barry meet with codefendant Robinson, and they exchanged vehicles. Agents then followed Barry as he met with codefendant Kovar Moore at a residence at 2633 California in St. Louis. Barry left the residence carrying a large bag which he placed in the back seat of Robinson's car. Defendant Barry immediately called codefendant Robinson and told him to meet at a certain location.

Agents then directed a traffic stop of defendant Barry. Seized, from the back seat of the vehicle, was a plastic bag containing a large brick of marijuana. Later that same day, Barry called Robinson to tell him he had been arrested in possession of twenty pounds of marijuana.

In a phone call intercepted the next day, defendant Barry explained to codefendant Moore that he had been arrested, and it was fortunate that he had not taken the additional 280 pounds from Moore.

The marijuana was tested by a qualified chemist and determined to be twenty pounds.

On August 15, 2007, defendant Barry was intercepted arranging to make a purchase of heroin from codefendant Jamal Swain. Barry contacted codefendant Ralph McNeal and asked him to accompany him (Barry) to Columbia, Missouri, where he would pick up the heroin. Agents followed Barry and Swain to Columbia and back; Barry and the vehicle he was driving were under constant surveillance. Intercepted telephone calls revealed Swain directing Barry to a house in Columbia. Barry and McNeal entered that house, exited with several men, received an item from a vehicle parked in the driveway, and placed that item in the truck of the vehicle being driven by defendant Barry.

As Barry and McNeal drove back to St. Louis, they were stopped for traffic violations in St. Charles County, at the direction and request of DEA. The vehicle was searched and bags of heroin were found in a canister of creatine in the trunk of the vehicle.

A trained forensic chemist found the substance seized to be 1,501 grams of heroin.

The defendant acknowledges that the various substances possessed by him and by the codefendants were possessed with the intent to distribute.

Criminal Case No. 4:08CR405 CDP (Doc. No. 438, at 9-12).

Barry was one of seventeen defendants indicted by a federal grand jury on July 2, 2008, and he was indicted on seven of the ten counts. He filed numerous pre-trial motions before Magistrate Judge Buckles, who issued his Report and Recommendation on February 3, 2009, recommending that the motions be denied. Shortly after this report was issued, Barry hired new counsel and was granted leave

to file additional pretrial motions, including a supplemental motion to sever, supplemental motions to suppress evidence, and a motion to suppress electronic surveillance evidence. I held an evidentiary hearing on these motions on March 10, 2009, and I adopted the Magistrate Judge's Report and Recommendation on March 16, 2009. I also denied Barry's additional motions at that time.

On March 25, 2009, Barry pleaded guilty to five counts pursuant to a plea agreement. The parties agreed that although Barry waived his rights on appeal, he reserved the right to appeal an adverse finding on his role in the offense: whether he was an organizer, leader, manager, or supervisor. *See* U.S.S.G. § 3B1.1(a) (establishing a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"). At the sentencing hearing on July 1, 2009, I found that the guideline enhancement for Barry's role in the offense applied. I sentenced him to 168 months imprisonment, which was the low end of the guidelines range, followed by five years of supervised release.

Barry appealed his sentence to the Eighth Circuit Court of Appeals, arguing that I erred in (1) finding Barry was an organizer or leader in the conspiracy, and (2) failing to consider unwarranted sentencing disparities. The Eighth Circuit affirmed Barry's sentence on April 6, 2010. *United States v. Barry*, 371 F. App'x

697 (8th Cir. 2010).  On June 24, 2011,[2] Barry timely filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.  <u>Grounds Raised in § 2255 Motion</u>

Barry raises three grounds for relief in his § 2255 motion:

1.     His trial counsel was ineffective for arguing that he was a middleman in the conspiracy because it contradicted the terms of the plea agreement that allowed Barry to argue against any role enhancement at sentencing.

2.     His trial counsel was ineffective for failing to argue that the conspiracy involved fewer than five people or that the commentary to Sentencing Guideline § 3B1.1(a) requires that another participant be "criminally responsible" for the offense.

3.     His appellate counsel was ineffective for failing to file a writ of certiorari after his direct appeal regarding the application of the § 3B1.1(a) enhancement was denied.

4.     His trial counsel was ineffective for failing to file a writ of mandamus or appeal based on this court's failure to address his motion for interlocutory appeal of the issues raised in his motions to suppress.

5.     The trial court erred in its application of the sentencing guidelines regarding the grouping rules.[3]

_____

[2]Barry's motion was not actually received by this court until August 1, 2011 because he mistakenly filed it with the Eighth Circuit as an application to file a second or successive § 2255 motion.  However, in accordance with the judgment from the Eighth Circuit transferring the motion to this court on August 16, 2011, his motion is deemed to have been filed in this court as of June 24, 2011.

[3]This claim was raised in Barry's first motion to amend, which was filed on January 27, 2012.  (Doc. No. 20).

- 6 -

6.    The evidence obtained through the Title III wiretap in his case should have been excluded because the application for the wiretap did not contain the name of the officer seeking the wiretap.[4]

## III.    Discussion

I will not hold an evidentiary hearing on this motion.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted).  "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Id.* (internal quotation marks and citation omitted).  Here, as discussed in more detail below, I find that Barry's claims are either inadequate or affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

### Timeliness of Amended Motions

As an initial matter, I must determine whether Barry's amended § 2255 motions have been timely filed.  In order to be timely, a § 2255 motion must be filed within one year of the date on which the judgment of conviction becomes

---

[4]This claim was raised in Barry's "emergency motion" to amend, which was filed on May 10, 2012.  (Doc. No. 22).

final.  28 U.S.C. § 2255(f)(1).  Barry appealed the conviction and sentence to the

Eighth Circuit Court of Appeals, which issued an opinion on April 6, 2010.  His

conviction became final on July 5, 2010, ninety days after the Eighth Circuit issued

its ruling because he did not file a petition for writ of certiorari.  Thus, he had until

July 5, 2011 to file a § 2255 petition for postconviction relief.

Barry did not file his amended motions until January 27, 2012 and May 10,

2012, both of which were outside the one-year limitations period.  Because the

claims contained in these amended motions – Grounds 5 and 6 – are untimely, this

court may not consider them unless they relate back to the earlier, timely filed

motion.  Fed. R. Civ. P. 15(c)(2); *see United States v. Hernandez*, 436 F.3d 851,

856-57 (8th Cir. 2006) (holding that Rule 15(c)(2) applies to § 2255 proceedings).

A claim "relates back when it arises out of the same 'conduct, transaction, or

occurrence' as the original claim."  Fed. R. Civ. P. 15(c)(2).  The Supreme Court

has interpreted this rule to mean that "[i]n order for the claims in an amended

motion to relate back, . . . they must be of the same 'time and type' as those in the

original motion, such that they arise from the same core set of operative facts."

*Hernandez*, 436 F.3d at 857 (quoting *Mayle v. Felix*, 545 U.S. 644, 657,

664(2005)).

In Ground 5, contained in the first motion to amend, Barry argues that I erred in calculating his total offense level using the grouping rules in the Sentencing Guidelines. He argues that his relevant conduct under § 1B1.3 of the Sentencing Guidelines should not have been considered, because only the grouping rules in § 3D1.2 applied to his case. The basis for his argument is that the drug sales performed by his codefendants or contained in counts that were dismissed by the government were not part of a common scheme or plan, and so they should not have been considered in determining the drug quantity for purposes of his total offense level.[5]

This claim does not relate back to any of the claims raised in Barry's original, timely motion. As an initial matter, this claim fundamentally differs from the claims presented in his original motion because it raises an allegation of error by the district court, rather than ineffective assistance. However, this claim also differs in the

---

[5]Barry filed a supplemental motion on January 25, 2013, raising a related argument that the government breached the plea agreement by presenting evidence of a higher drug quantity than was stipulated in the plea agreement, and that the court erred in allowing this evidence. Barry cites *United States v. Lara*, 690 F.3d 1079 (8th Cir. 2012) in support of his motion. Even if this motion were properly before the court, as it was not timely filed and does not meet any of the exceptions for procedural default, it does not apply to his case. The government did not argue for a higher drug quantity than was stipulated in the plea agreement and contained in the presentence investigation report, which is what occurred in the *Lara* case. Therefore, I will also deny Barry's supplemental motion for relief.

operative underlying facts. To the limited extent that this claim is related to the sentencing guidelines used to calculate his offense level, this claim differs because it relates to an entirely different part of the Guidelines – the grouping rules – as opposed to the rules involving a leadership role or the size of the conspiracy. Therefore, this claim is not timely, and I will not consider it as part of Barry's § 2255 motion.

Furthermore, even if this claim had been timely, it cannot support his motion for relief because it is procedurally defaulted. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Barry's claim of error by the district court contained in Ground 5 should have been raised on his direct appeal, but he did not raise that claim before the Eighth Circuit.

If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). A movant can also avoid procedural default by demonstrating actual innocence, or that the error

resulted in a fundamental miscarriage of justice. *Anderson v. United States*, 25 F.3d 704, 706-07 (8th Cir. 1994). Actual innocence is a strict standard that generally cannot be met where the evidence is sufficient to support a conviction on the charged offense. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (internal quotation marks and citation omitted). Regarding similar claims of trial court error, the Eighth Circuit has held that "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper § 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

Barry does not raise any cause for his default, nor does he demonstrate factual innocence. Therefore, Ground 5 of Barry's petition may not be considered by this court, and his claim for relief on this ground is denied.

### B.     *Constitutionality of the Title III Wiretap Application*

In Ground 6, contained in Barry's "emergency motion" to amend his original § 2255 motion, he argues that the wiretap application used to intercept calls in this case violated Title III because it failed to include the name of the officer who made the application, and so any evidence obtained through that wiretap should have been excluded.

This claim does not relate back to any of the grounds raised in Barry's original motion. It relates to the wiretap application utilized in the investigation of his case,

which is not related in any way to the other claims raised in his § 2255 motion. Furthermore, this claim is not cognizable in a motion for post-conviction relief. Barry pleaded guilty to these charges, and "[t]he general rule is that a valid guilty plea waives all non-jurisdictional defects." *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001). This challenge to the wiretap application does not challenge the court's jurisdiction over Barry's conviction or sentence, and so Barry waived this claim by pleading guilty. Therefore, this ground for relief fails because it is not timely and is cognizable in a § 2255 motion.

Moreover, even if this ground were properly before the court, it has no merit. Before Barry entered his guilty plea, he filed a motion to suppress the evidence obtained from the Title III wiretap on different grounds. In my order, I acknowledged the requirement that the statute requires an "application of a federal law enforcement officer who has been authorized to make such application by the United States Attorney General or his authorized designee." Criminal Case No. 4:08CR405 CDP (Doc. No. 386, at 4). I then determined that the wiretap application met this requirement, as well as the rest of the statute's requirements, and concluded that there was no basis for suppressing the evidence.

Barry now raises an argument that the wiretap application should have been suppressed based on the Eighth Circuit's ruling in *United States v. Lomeli*, 676 F.3d

734 (8th Cir. 2012). In *Lomeli*, the wiretap application did not identify any authorizing official from the Department of Justice, but rather stated that "an appropriate official of the Criminal Division" had given authorization. *Id*. at 736-37. Here, in the authorizing documents that Barry provided in support of his motion, a specific Deputy Assistant Attorney General authorized to approve applications signed each authorization form. Thus, to the extent that Barry challenges the wiretap application on this particular basis, the applications used in Barry's case are distinguishable from those held insufficient by the *Lomeli* court, and there is no merit to this supplemental argument by Barry.

## Ineffective Assistance of Counsel: Grounds 1, 2, 3, and 4

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Barry must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance

from counsel's perspective at the time of the alleged error.  *Id*.

Second, Barry "must show that the deficient performance prejudiced the

defense."  *Id*. at 687.  This requires him to demonstrate "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  *Id*. at 694.  "The court need not address both components if the

movant makes an insufficient showing on one of the prongs."  *Engelen v. United

States*, 68 F.3d 238, 241 (8th Cir. 1995).  As a matter of law, counsel cannot be

ineffective for failing to make a meritless argument.  *Rodriguez v. United States*, 17

F.3d 225, 226 (8th Cir. 1994).

### A.     *Argument that Barry was a Middleman in the Conspiracy*

In Ground 1, Barry claims that his trial counsel was ineffective for arguing at

sentencing that Barry was a "middleman" in the conspiracy.  His argument is that by

conceding that Barry was a middleman, his counsel gave him a position other than a

simple buyer or seller or a simple participant in the conspiracy.  Barry argues that by

doing so, his counsel admitted facts that supported the finding that he was an

organizer or leader of the conspiracy.  This argument is clearly refuted by the record.

The Eighth Circuit has interpreted the scope of the organizer or leader

enhancement as follows:

We broadly interpret the terms "organizer" and "leader," and the defendant need organize or lead only one other participant. In a drug conspiracy case, a defendant must do more than sell for resale to be found an organizer or leader. However, it is enough if the defendant assumed organizing or leadership functions such as recruiting others, determining the price or location of sales, and so forth.

*United States v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006) (internal citations and quotation marks omitted).

On direct appeal in this case, the Eighth Circuit specifically found that Barry met the requirements for the leadership enhancement. It stated:

Barry argues he was a middleman directed by his suppliers and was not an organizer or leader. During Barry's sentencing hearing, James Echols testified that on approximately fifteen occasions, Barry paid Echols cash to transport vehicles to, or pick up vehicles from, specific individuals. Barry sometimes sent Echols with a large amount of cash which Echols exchanged for the vehicles. Barry provided Echols with cash for his expenses and paid for Echols's transportation. Barry directed Echols to use specific methods of travel, such as train or airline, and Barry instructed Echols to stay at specific hotels. The last vehicle Echols transported for Barry was searched by the Drug Enforcement Administration (DEA) and contained five kilograms of heroin. The DEA also conducted a search of Echols's personal vehicle, and located documentation of many occasions Echols transported a vehicle at Barry's direction.
        The government presented additional evidence Barry exercised control over other people involved in the conspiracy. However, we need not discuss such other evidence because the Guidelines merely require a showing that Barry controlled one other participant for the enhancement to apply. . . . The stipulated facts set forth in Barry's plea agreement and several uncontested portions of Barry's presentence investigation report also support the district court's finding Barry was an organizer or leader.

*United States v. Barry*, 371 F. App'x 697, 698-99 (8th Cir. 2010).

The facts of the case, as admitted by Barry in his plea agreement and adopted by the Eighth Circuit on direct appeal, are sufficient for application of the leadership enhancement. Contrary to Barry's arguments, being a middleman does not automatically render one an organizer or leader. Rather, if a person merely "sells for resale," he or she will not be eligible for the enhancement. *See United States v. Miller*, 91 F.3d 1160, 1164 (8th Cir. 1996). Therefore, to the extent that Barry's counsel attempted to argue that he was merely selling for resale in the context of this larger scheme, his performance was not deficient.

Furthermore, Barry did not suffer any prejudice from this argument. Regardless of whether Barry's attorney argued that he was a middleman, the facts supported application of the leadership enhancement. The leadership enhancement unquestionably applied to his case, completely independent of the argument that he was a middleman, so the result of his proceeding would not have been any different had his attorney declined to raise this argument. Because Barry cannot meet either prong of the *Strickland* analysis, his argument that his counsel was ineffective is without merit.

B.     *Failure to Argue that the Conspiracy Involved Fewer than Five People or that Someone Other than Barry Must Be Criminally Responsible*

In Ground 2, Barry argues that his trial counsel was ineffective for failing to argue that the conspiracy involved fewer than five people or was otherwise not extensive, and for failing to argue that James Echols was not criminally responsible for the offense because he did not know he was transporting drugs in the vehicles. His argument appears to be that had his counsel made this argument, he would not have received the four-point sentencing guidelines enhancement under § 3B1.1(a) for organizing or leading a criminal activity "that involved five or more participants or was otherwise extensive." Under the commentary to that guideline, "[a] person who is not criminally responsible for the commission of the offense (*e.g.*, an undercover law enforcement officer) is not a participant." U.S.S.G. § 3B1.1 cmt. 1. This argument is affirmatively refuted by the record.

Based on the evidence presented in the sentencing hearing and the plea agreement signed by Barry, I found that Barry directed the actions of at least seven or eight others. I stated:

> [T]here are at least seven or eight people that I just listed; but there are more as well. So it's clear that this was an extensive criminal activity. It meets the "or was otherwise extensive" definition as well as meeting the definition of five or more participants, and Mr. Barry's role was to organize it.

Sentencing Tr. at 125.

Because the facts in this case – as admitted by the petitioner himself in his plea agreement and as demonstrated by the evidence presented at the sentencing hearing – demonstrated that this organization involved five or more participants and was otherwise extensive, Barry's counsel was not ineffective for failing to challenge the size of the conspiracy. There would not have been any merit to this argument, so counsel was not constitutionally defective for failing to make it. Therefore, Barry's argument does not satisfy the first prong of the *Strickland* test.[6]

Moreover, Barry was not prejudiced by his counsel's failure to make this argument. I found the facts necessary to support application of the sentencing enhancement based on facts admitted by Barry himself and facts presented by the government at the sentencing hearing. Any argument by Barry's counsel that the conspiracy was not extensive would not have changed the facts in the record, so it would not have affected my determination that the enhancement applied. Because Barry's sentence would not have been any different had his counsel made this

---

[6]Barry also argues that co-defendant Echols should not be considered as a participant in the conspiracy because he did not know that he was transporting drugs. This argument is irrelevant, because my finding that there were more than five participants did not rely solely on the involvement of Echols; there were more than five other participants. Additionally, even if Echols's participation was determinative of the enhancement's applicability, this argument has no merit. Echols was, in fact, criminally responsible as a participant in the conspiracy, and he pleaded guilty to these charges in the same underlying criminal case. Criminal Case No. 4:08CR405 CDP.

meritless argument, he was not prejudiced by his attorney's performance. Therefore, Ground 2 of Barry's motion is without merit, and I will deny relief on this basis.

### C. Failure to File Petition for a Writ of Certiorari

Barry argues that his appellate counsel was ineffective for failing to file a petition for writ of certiorari with the Supreme Court after the Eighth Circuit Court of Appeals upheld the §3B1.1(a) role enhancement adopted at the time of sentencing. The Eighth Circuit has expressly rejected the argument that counsel's failure to file a petition for writ of certiorari violates a defendant's constitutional rights. *See Steele v. United States*, 518 F.3d 986 (8th Cir. 2008). The right to counsel in appellate proceedings is governed by the Fifth Amendment due process clause, and it "does *not* . . . guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court." *Id*. (citing *Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974)). Because there is no right to counsel for purposes of filing a petition for writ of certiorari, Barry cannot raise a valid claim that he was deprived of effective assistance of counsel for this purpose. *See id*; *see also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance . . . .").

Furthermore, even if Barry had the right to counsel in filing a petition for writ of certiorari, he must additionally show prejudice from his attorney's failure to file a

petition in order to satisfy the second prong of *Strickland*. *See Steele*, 518 F.3d at 988 (citing *Strickland*, 466 U.S. at 691). Barry "would have to show not only that [he] would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that [he] would have obtained relief as to [his] sentence." *Id*. at 988-89. The entirety of Barry's claim is that the failure to file the petition "prejudiced the defendant because there is no way to know what the U.S. Supreme Court would have done in this case had the appropriate question been presented." (Doc. No. 1, at 7). This is not sufficient to establish prejudice, as it is only a conclusory assertion that counsel's failure to file a petition prejudiced him. Therefore, this claim of ineffective assistance of counsel is without merit.

D.    *Failure to Appeal or File Writ of Mandamus Based on Motion for Interlocutory Appeal*

In Barry's final ground, he argues that his counsel was ineffective for failing to file a writ of mandamus or pursue on direct appeal this court's failure to rule on Barry's motion for leave to file an interlocutory appeal. This claim is affirmatively refuted by the record.

On October 6, 2008, Barry filed his first motion to suppress evidence related to his traffic stop. He then requested new counsel, and I granted that request and permitted him to file additional motions to suppress. His new counsel filed four

motions to suppress on November 24, 2008. Barry's counsel then filed the motion for leave to file an interlocutory appeal the next day regarding the motions to suppress, before any ruling had been issued on any of the motions. I did not issue a ruling until after reviewing the Report and Recommendation from the magistrate court and conducting an evidentiary hearing, so Barry's motions to suppress were finally denied on March 16, 2009. Barry's counsel did not renew the motion to file interlocutory appeal, and I never issued a ruling on the original motion.

Barry now claims that his trial counsel was ineffective for failing to file a writ of mandamus regarding his motion for interlocutory appeal, and that his appellate counsel was ineffective for failing to raise this issue on appeal. Barry's trial counsel's performance was not deficient in this regard. When the motion was filed, there had been no ruling on the motion to suppress, so there was nothing to appeal. Further, Barry does not provide any basis on which the challenged evidence should have been excluded, and he does not claim that I erred in denying the motion to suppress. Therefore, he does not have any basis for claiming that his trial counsel was ineffective for failing to renew the motion for interlocutory appeal after I denied the motions to suppress.

Barry's claim that his appellate counsel was ineffective for failing to raise this issue on appeal is also without merit. Barry voluntarily pleaded guilty to this charge.

As noted above, a defendant waives all challenges to his prosecution except those related to the district court's jurisdiction by pleading guilty, including claims related to searches and seizures. *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989). Because this argument was waived, it therefore would not have been successful even if raised on appeal because it would not have been properly before the court. Barry's appellate counsel was not ineffective for failing to raise this meritless argument on appeal. *See Grubbs v. Delo*, 948 F.2d 1459, 1466-67 (8th Cir. 1991) (explaining that if an argument is meritless, then appellate counsel cannot be ineffective for failing to argue the issue on appeal). Therefore, this claim also fails under *Strickland*, and I will not grant Barry relief on this basis.

## IV. Certificate of Appealability

None of Barry's claims merits relief. Because he has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Zeuantray Barry's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1, #20, #22, #24] are DENIED.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as Barry has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day May, 2013.